IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

RHODA CATO,

       Plaintiff,

                                       **Case No.**

v.

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY,

       Defendant.

_____/

## COMPLAINT

The Plaintiff, Rhoda Cato, by and through undersigned counsel, sues the defendant, and would further show:

1.  This is an action for injunctive relief and damages in excess of $15,000 to redress discrimination against her on the basis of handicap, in violation of Section 760.10 (1) (a), Florida Statutes and the Americans with Disabilities Act of 1991, §102 (c), 42 U.S.C.A. § § 12101, m 12112 (a).

2.  The plaintiff, Rhoda Pierre Cato, is a natural person and non-tenured member of the law faculty at the College of Law of the Florida A. & M. University (FAMU College of Law) located in Orlando, Florida.

3.  Florida A & M University is part of the State University System of Florida. The University is headquartered in Tallahassee, Florida.  It operates the College of Law in Orlando where the plaintiff is employed.

4.  On August 1, 2006, the FAMU College of Law hired Cato as an Associate Professor. Upon hire, she was placed upon a track to become a tenured faculty member.

5.  In 2009, Ms. Cato was diagnosed with pulmonary fibrosis and pulmonary hypertension. She had previously been diagnosed with the autoimmune disorders of Lupus and Polymyositis.    She is being treated with supplemental oxygen therapy, immunosuppressive therapy, and an aggressive pulmonary rehabilitation and physiotherapy program.  Her combined disorders cause shortness of breath, episodic coughing spells, respiratory distress, severe joint swelling, extreme general pain and anxiety.

6.  Ms. Cato is a handicapped employee within the meaning of the Florida Civil Rights Act and disabled within the meaning of the Americans with Disabilities Act.

7.  Ms. Cato initially attempted to perform her professional responsibilities in a manner comparable to her colleagues.  This included maintaining a rigorous teaching schedule and presenting her scholarly works in progress regularly at legal academic conferences. Unfortunately, her effort resulted in a rapid deterioration of her condition.

8.  On September 8, 2015, Ms. Cato requested a reasonable accommodation of her handicap, to-wit an extension of time to apply for tenure.  In particular, she needed the extension to complete and publish scholarly articles, which is an important criterion for being granted tenure.  Due to her medical condition, Ms. Cato was unable to teach, manage her health condition, and also complete scholarly articles for publication.

9.   Ms. Cato had previously requested and been granted accommodations which included extending the time for her to apply for tenure, reducing her course loads and medical leave.  However, on September 11, 2015, while her request was pending, the University ordered her to apply for tenure.

2

10. The University discriminated against Ms. Cato because the requirement that Ms. Cato apply for tenure while her request for an accommodation deferral was pending was a ruse to terminate Ms. Cato. Despite a sound, documented medical history, the University claimed that Ms. Cato's requests for medical accommodation were not legitimate but instead were tantamount to Ms. Cato "gaming the system." The Provost, Marcella David, made statements accusing Ms. Cato of "gaming the system" on multiple occasions to Darryll Jones, Interim Dean of the College of Law.

11. The University discriminated against Ms. Cato by requiring her to apply for tenure, then deviated from its own procedure with regard to Ms. Cato's application. The University failed to advance the College of Law recommendation regarding Ms. Cato's application for tenure to the University committee on Rank Tenure and Promotion for additional review. The University Committee provides a neutral consideration of tenure recommendations. On numerous previous occasions it has overturned the recommendations submitted by the College of Law.

12. The University discriminated against Ms. Cato by requiring the College of Law to act outside of its authority by considering her application for tenure where there was timely notice and request to the University and the College of Law for a medical deferral. As explained by LeRoy Pernell, former Dean of the College of Law, in his October 21, 2015, memorandum to the College of Law committee

> The report of the subcommittee makes reference to a request that has been made by Prof. Cato for a deferral, presumably of her review for tenure. The granting, denying or modification of the requirements for seeking or obtaining tenure at Florida Agricultural and Mechanical University is determined and controlled by standards and rules of the university as set forth inter alia by the university, the Board of Trustees of the University and the State of Florida. It is therefore assumed that the above referred to request of deferral has been made to the university. I know of no authority

in support of the proposition that the responsibility for determining that request is delegable to any entity other than one entitled to create, modify or grant tenure under the rules/standards of the university or the State of Florida.

13. On May 23, 2016, while her request for deferral accommodation remained unanswered, her tenure was denied. She was then issued a one-year "terminal" contract.

14. Florida A & M University thereby violated her rights under the Florida Civil Rights Act and Americans with Disabilities Act by denying her a reasonable accommodation.

15. Ms. Cato continues to teach at the FAMU College of Law as an untenured faculty member, at a reduced rate of pay.

16. On or about November 9, 2016, Ms. Cato filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued her a notice of right to sue on September 7, 2018. This lawsuit is filed pursuant to Section 760.11(8), Florida Statutes.

WHEREFORE, Ms. Cato requests that:

a. the College be enjoined to grant her a reasonable accommodation of her handicap by rescinding its earlier decision to deny her tenure and by deferring for a reasonable period of time any future decision to grant or deny her tenure;

b. that she be granted compensation for loss of pay resulting from her being denied tenure;

c. that she be awarded compensatory damages for mental anguish;

d. that she be awarded reasonable attorney's fees and costs.

e. That she be awarded further relief as the court deems just.

Ms. Cato demands a jury trial of all issues so triable.

Respectfully submitted by:

*/s/ Tobe Lev*_____ _____

Tobe Lev, Esquire
FL Bar No. 226475
EGAN, LEV, LINDSTROM & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
Primary: tlev@eganlev.com
Secondary: crojas@eganlev.com